UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| HENRY DARNELL TALLEY, | ) |
| Plaintiff, | ) ) ) |
| VS. | ) ) No. 20-1118-JDT-cgc |
| OFFICER MCKINNEY, ET AL., | ) ) ) |
| Defendants. | ) |

ORDER DENYING MOTIONS TO SERVE PROCESS AND APPOINT COUNSEL

The *pro se* prisoner Plaintiff, Henry Darnell Talley, filed a civil complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Court granted leave to proceed *in forma pauperis* and assessed the filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) Talley has now filed a motion to serve the Defendants with process and a motion to appoint counsel. (ECF Nos. 7 & 8.)

Under 28 U.S.C. § 1915A(a) the Court must "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." This Court's Local Rules further provide that in all *pro se* prisoner cases, "the Clerk will issue summonses only if directed to do so by the Court following screening pursuant to 28 U.S.C. § 1915A and, if applicable, 28 U.S.C. § 1915(e)(2)(B)." LR 4.1(b)(3).

Because the Court has not yet screened this case, the motion to serve process is DENIED. If the Court ultimately directs the Clerk to issue process, that process will be served by the U.S. Marshal. *See* LR 4.1(b)(3)(B).

Pursuant to 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are extremely slim. *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same). "[I]n contrast to criminal defendants, civil litigants unable to afford counsel cannot ordinarily" have counsel appointed unless "there is a risk of loss of liberty, as in mental commitment or juvenile delinquency proceedings." *Iannaccone v. Law*, 142

F.3d 553, 556 (2d Cir. 1998), *cited in Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002).

 As stated, at this stage of the case, the complaint is still undergoing the screening process pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  Therefore, Talley has not satisfied his burden of demonstrating that the Court should exercise its discretion to appoint counsel at this time.  The motion for appointment of counsel also is DENIED.

IT IS SO ORDERED.

            s/ **James D. Todd**
            JAMES D. TODD
            UNITED STATES DISTRICT JUDGE