UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| HENRY DARNELL TALLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 20-1118-SHM-cgc |
| | ) |
| FNU McKINNEY, ET AL., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER DISMISSING CONSOLIDATED AMENDED COMPLAINT WITH
PREJUDICE (ECF NOS. 14, 15 & 17);
DENYING LEAVE TO AMEND;
DENYING MOTION TO ADD DEFENDANTS (ECF NO. 20);
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL;
NOTIFYING TALLEY OF STRIKE RECOMMENDATION UNDER 28 U.S.C. § 1915(g);
AND DISMISSING CASE IN ITS ENTIRETY**

On June 1, 2020, Plaintiff Henry Darnell Talley, who is confined at Northeast Correctional Complex (the "NECX") in Mountain City, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On June 1, 2020, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 4.) Talley sued Correctional Officer McKinney, Lieutenant Needham[1], Lieutenant Shorter, Warden Avril

---

[1] The initial complaint named "Lt. Needham" as a Defendant. (ECF No. 1 at PageID 1.) The Consolidated Amended Complaint names "Lieutenant Nedham" as a Defendant. (ECF No. 14 at PageID 107; ECF No. 15 at PageID 115; ECF No. 17 at PageID 133.) The plausible inference from the record is that these spelling variations refer to the same person -- *i.e.*, one of the NECX lieutenants participating in the Incident.

Chapman, CoreCivic, and Corrections Corporation of America (the "CCA")[2] in their official and individual capacities. Talley's § 1983 complaint asserted claims for failure to protect, deprivation of medical care, excessive use of force, violation of institutional policies, inadequate prison grievance procedure, and verbal harassment. (ECF No. 1 at PageID 1-2 & 3-8.)[3] On July 14, 2020, the Court denied Talley's motion for appointment of counsel and motion for leave to serve summons. (ECF No. 9.) On April 5, 2021, the Court dismissed the complaint for failure to state a claim to relief and granted leave to amend within twenty-one days. (ECF No. 11 (the "Screening Order").) On April 28, 2021, the Court granted Talley's motion for extension of time to amend. (ECF No. 13 (setting May 17, 2021 as deadline to amend).) On May 6, 2021, Talley filed an amended complaint. (ECF No. 14 (the "FAC").) On May 14, 2021, Talley filed a second amended complaint. (ECF No. 15 (the "SAC").) On June 4, 2021, Talley filed a third amended complaint. (ECF No. 17 (the "TAC").)[4] On October 25, 2021, Talley filed a Motion To Add Defendants. (ECF No. 20 (the "Motion").)

Because they are the same in all material respects, the FAC, the SAC, and the TAC are consolidated, and the Court will screen them as a consolidated pleading for purposes of the PLRA.[5] (ECF Nos. 14, 15 & 17 (the "Consolidated Amended Complaint" or the "CAC").)

---

[2] Corrections Corporation of America is the former corporate name of CoreCivic. (*See* ECF No. 11 at PageID 86 n.2 (internal citation omitted).)

[3] *See* https://apps.tn.gov/foil-app/details.jsp.

[4] The Clerk of the Court received the TAC on June 4, 2021, after the May 17, 2021 amendment deadline had expired. (ECF No. 17 at PageID 132 and ECF No. 17-2 at PageID 146.) Because Talley provided the TAC to NECX officials for mailing on May 16, 2021, *see* ECF No. 17 at PageID 144, the Court treats the TAC as timely. *See Houston v. Lack*, 487 U.S. 266, 270, 276 (1988) (adopting mailbox rule for federal *pro se* prisoner filings).

[5] The Screening Order afforded leave to file <u>one</u> amended pleading, *see* ECF No. 11 at PageID 100, but Talley filed three, *see* ECF Nos. 14, 15 & 17. In the interest of the expeditious disposition of Talley's claims, the Court considers all three amended complaints.

The CAC arises from the same occurrence as the initial complaint: *i.e.*, two inmates' assault on Talley on June 13, 2019, at the Whiteville Correctional Facility (the "WCF") in Whiteville, Tennessee (the "Incident"). (ECF No. 14 at PageID 106; ECF No. 15 at PageID 114; ECF No. 17 at PageID 132.) The CAC asserts failure-to-protect claims[6], *see* ECF No. 14 at PageID 106-08, ECF No. 15 at PageID 116-23, and ECF No. 17 at PageID 134-40, against: (1) Lieutenant Nedham, in her individual capacity; (2) Lieutenant Shorter, in his individual capacity; (3) Warden Chapman, in the Warden's individual capacity; (4) Officer McKinney, in McKinney's official and individual capacities; (5) the WCF; and (6) CoreCivic. (ECF No. 14 at PageID 108-10; ECF No. 15 at PageID 115, 118 & 123; ECF No. 17 at PageID 133 & 142; *cf.* CF No. 1 at PageID 1.) The CAC seeks: (1) $130,000 in compensatory damages from each Defendant; and (2) $3,000,000 in "punitive damages … for pain and suffering" from each Defendant (ECF No. 14 at PageID 110; ECF No. 15 at PageID 124; ECF No. 17 at PageID 142.)

Before the Court for consideration are: (1) Talley's Consolidated Amended Complaint (ECF Nos. 14, 15 & 17) and (2) the Motion (ECF No. 20). For the reasons explained below, the Consolidated Amended Complaint is DISMISSED WITH PREJUDICE and the Motion is DENIED as moot.[7]

---

[6] The CAC does not assert the initial complaint's claims for deprivation of medical care, excessive force, inadequate prison grievance process, or verbal harassment. (*See* ECF Nos. 14, 15 & 17; *cf.* ECF No. 1 at PageID 3-8.)

[7] The Motion is moot because the Court is dismissing the CAC in its entirety for failure to state a claim to relief. This case will not proceed. The Motion is also moot because Talley seeks to add as Defendants: (a) three individuals and one entity that are already Defendants in this case, *see* ECF No. 20 at PageID 153 (McKinney, Nedham, Shorter, and CoreCivic); and (b) the WCF, which is not a "person" subject to suit under § 1983. *See Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000).

I.     **ANALYSIS**[8]

    A. **Failure-To-Protect Claim Against McKinney**

As to Talley's failure-to-protect claim against McKinney, the Screening Order concluded that, although Talley sufficiently alleged the Eighth Amendment's objective prong, *see* ECF No. 11 at PageID 93 (being attacked while confined is not "part of the penalty that criminal offenders pay for their offenses against society") (internal citation omitted), Talley did not satisfy the Eighth Amendment's subjective prong. (*Id*. at PageID 94.) The initial complaint did not allege that McKinney knew inmates "Mel and Veeno would attack Talley in particular." (*Id*.)

The CAC repeats the substance of Talley's failure-to-protect claim against McKinney. The CAC alleges:

> McKinney failed to protect Plaintiff because he subjected Plaintiff to harm and knew and disregarded the risk to Plaintiff['s] safety by allowing others to attack Plaintiff …
>
> [McKinney] open[ed] another door of a unit and let out Veeno[,] [who] attacked Plaintiff from behind and Plaintiff was stabbed.

(ECF No. 14 at PageID 106-07; ECF No. 15 at PageID 117; *see also* ECF No. 17 at PageID 134-36 (same).) The CAC alleges no new or different facts that alter the Screening Order's conclusion about Talley's failure-to-protect claim against McKinney. McKinney knew the Incident was happening. McKinney could see the Incident from the officer control booth. The CAC does not, however, allege that McKinney knew Mel and Veeno would attack Talley specifically. (*See* ECF No. 1 at PageID 3; ECF No. 11 at PageID 94; ECF No. 15 at PageID 117; ECF No. 17 at PageID 135.) McKinney's alleged failure to observe NECX procedures that forbid pod door openings

---

[8] The legal standard for screening prisoner claims under the PLRA, and the requirements to state a claim under § 1983, were set forth in the Screening Order and need not be restated here. (*See* ECF No. 11 at PageID 88-90.)

during inmate altercations, *see* ECF No. 17 at PageID 135, does not demonstrate McKinney's subjective knowledge and deliberate disregard of the risk that Veeno would attack Talley. (*See* ECF No. 11 at PageID 93-94.) The Court is not in a position to second-guess the split-second judgment calls of correctional officers on the quickly-evolving Incident scene of door-knocking, window-beating, and yelling among inmate gang members, *see* ECF No. 1 at PageID 3. *See*, *e.g.*, *Graham v. Connor*, 490 U.S. 386, 396 (1989) (noting, in the analogous law enforcement context, that "officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving . . ."). The CAC does not allege facts demonstrating that McKinney knew of, encouraged, or turned a blind eye to the risk that Veeno and Mel would injure Talley during the Incident.

For these reasons, the CAC's failure-to-protect claim against McKinney in his individual capacity fails to state a claim to relief and is DISMISSED WITH PREJUDICE. (*See* discussion of official capacity claims against McKinney, *infra* at n. 10.)

### B. Failure-To-Protect Claims Against Nedham And Shorter

The initial complaint alleged that Needham and Shorter were deliberately indifferent to Talley's injuries from the Incident. The complaint alleged that Nedham and Shorter "denied and delayed" immediate medical care by handcuffing Talley instead. (ECF No. 1 at PageID 5.) The Screening Order concluded that Needham and Shorter's decision did not suggest a culpable state of mind. (ECF No. 11 at PageID 96.)

The CAC continues to criticize Nedham and Shorter's decision to delay on-the-scene medical care in favor of handcuffing Talley, but the CAC asserts Talley's allegation as a failure-to-protect claim instead of a deprivation of medical care claim:

> Failure-to-protect[:] … Once Plaintiff entered the hallway … [a]fter being attacked … he informed Lieutenants Shorter and Nedham of the assault by letting them

5

> know Plaintiff had just been stabbed. [T]hey both were aware of Plaintiff's injuries because of the apparent bleeding from Plaintiff's arms. Next, Nedham handcuff[ed] the Plaintiff and told [assailants Mel and Veeno] to go back to their units. [B]oth Lieutenants showed deliberate indifference to Plaintiff['s] safety because Plaintiff never was protected and could have been hurt further in handcuffs if inmates would have pursued the assault even further.

(ECF No. 14 at PageID 107-08; *see also* ECF No. 15 at PageID 119 (same); ECF No. 17 at PageID 137 (same).) Nedham handcuffed Talley. Shorter did not handcuff Mel or Veeno. (ECF No. 15 at PageID 119-21 ("Shorter took no duty to Plaintiff['s] risk … while Plaintiff was unprotected"); ECF No. 17 at PageID 138-39 (same).) The CAC alleges no new or different facts that alter the Screening Order's conclusion about Talley's claims against Nedham and Shorter. Changing Talley's legal claim against Nedham and Shorter from inadequate medical care, *see* ECF No. 1 at PageID 5, to failure-to-protect, *see* ECF No. 14 at PageID 107-08, ECF No. 15 at PageID 119 & ECF No. 17 at PageID 137, does not create an actionable claim against Nedham and Shorter.

For the objective prong of an Eighth Amendment failure-to-protect claim, Talley must demonstrate that he was "incarcerated under conditions posing a substantial risk of serious harm." *See Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). The CAC does not do so. Talley alleges that, after he had escaped from the Incident into the hallway, Nedham handcuffed Talley and instructed Mel and Veeno to return to their units. (ECF No. 14 at PageID 107.) Suggesting that Shorter was deliberately indifferent to a "risk" because Talley was "unprotected" in handcuffs, *see* ECF No. 15 at PageID 120, the CAC alleges that Talley "<u>could</u> <u>have</u> <u>been</u> hurt further in handcuffs if inmates would have pursued the assault even further." (ECF No. 14 at PageID 107-08 (emphasis added).) Talley's speculative peril is not sufficient to allege an objectively serious risk. *See Perry v. Maynard*, No. 21-1022, 2021 WL 682073, at *1 (W.D. Tenn. Feb. 22, 2021) (finding that the plaintiff did not satisfy the Eighth Amendment's objective prong because "purely speculative fears that he might suffer future

6

harm … cannot support a claim under § 1983"). The CAC does not allege that Mel and Veeno ignored Nedham's commands to return to their units or that Mel and Veeno threatened Talley in the hallway. The CAC does not allege facts demonstrating a substantial risk of serious harm to Talley when Nedham handcuffed Talley.

The CAC fails also to satisfy the Eighth Amendment's subjective prong. Talley's characterization of (1) Nedham's handcuffing of Talley and (2) Shorter's failure to handcuff Mel and Veeno as "deliberate indifference," *see* ECF No. 14 at PageID 107, ECF No. 15 at PageID 119 & ECF No. 17 at PageID 138, does not meet the Eighth Amendment's constitutional test for deliberate indifference. Merely affixing a legal label such as "deliberate indifference" does not make challenged conduct unconstitutional. Talley must allege facts showing that Nedham and Shorter subjectively knew of a significant risk that Mel and Veeno would attack the handcuffed Talley in the hallway. The CAC alleges no facts to support such a showing. For example, the CAC does not allege that Mel and Veeno threatened anyone or challenged the lieutenants' commands.

For these reasons, the CAC's failure-to-protect claims against Nedham and Shorter fail to state a claim to relief and are DISMISSED WITH PREJUDICE.

### C. Failure-To-Protect Claim Against CoreCivic

Talley's initial complaint alleged that Defendants failed to follow CoreCivic Policies 14-4.4(F) and (L) (the "Policies"), which impose a duty to: (1) protect inmates from personal injury and (2) have all inmates under NECX staff supervision at all times. (ECF No. 1 at PageID 7-8.) The Screening Order concluded that Talley had failed to state a claim against CoreCivic or against the Defendants in their official capacities because Talley did not allege that the Defendants

7

deprived him of his constitutional rights based on an unconstitutional policy or custom of CoreCivic. (ECF No. 11 at PageID 91.)

The CAC repeats the substance of the complaint's claim about the Policies. The CAC alleges only that McKinney, Shorter, Nedham, Chapman, and CoreCivic "failed to [follow] [the] [P]olic[ies] … because … Veeno and Mel were not being supervised and under the control of trained staff at all times." (ECF No. 14 at PageID 108-09; *see also* ECF No. 15 at PageID 121-23 (same); ECF No. 17 at PageID 139-41 (same).) The CAC alleges no new or different facts that alter the Screening Order's conclusion about Talley's claim against CoreCivic. Talley alleges that the employee Defendants violated legitimate NECX policies,[9] but the CAC does not allege that the Policies themselves (1) were unconstitutional or (2) gave rise to violation of Talley's rights because the Defendants failed to comply with them. *See Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003); *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).[10]

---

[9] To the extent the CAC asserts a claim against McKinney, Shorter, Nedham, and Chapman for violating the Policies, *see* ECF No. 14 at PageID 108-09, ECF No. 15 at PageID 121-23, and ECF No. 17 at PageID 139-41, that claim is not well taken. An inmate's allegation that jail officials failed to follow a correctional facility's administrative policies does not, in and of itself, rise to the level of a constitutional violation. (*See* ECF No. 11 at PageID 91-92 (internal citations omitted).) Talley cites no U.S. Supreme Court or Sixth Circuit decisions holding that the controlling law on this issue has changed since the date of the Screening Order. The Court is not aware of any cases overruling or modifying the well-established principle that § 1983 does not provide a remedy for violations of state laws or regulations. *See, e.g.*, *Lewellen v. Metro. Gov't of Nashville and Davidson Cnty.*, 34 F.3d 345, 347 (6th Cir. 1994).

[10] The CAC's failure to allege sufficient facts to state a cognizable claim against CoreCivic means also that Talley fails to state an official capacity claim against McKinney. (*See* ECF No. 15 at PageID 118; ECF No. 17 at PageID 142.) Claims against McKinney in his official capacity are treated as claims against his employer, CoreCivic. *See Alkire v. Irving,* 330 F.3d 802, 810 (6th Cir. 2003) (relying on *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)).

8

For these reasons, the CAC's failure-to-protect claim against CoreCivic fails to state a claim to relief and is DISMISSED WITH PREJUDICE.

### D. Claims Against "Et Al."

The CAC names "et el. [sic]" as Defendants. (ECF No. 14 at PageID 106; ECF No. 15 at PageID 114; ECF No. 17 at PageID 132 ("et. al.").) The CAC's use of that identifier to name putative parties fails to state a cognizable claim against anyone.

Under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Talley may not make claims against a universe of unspecified persons who have no notice of claims against them. *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002).

The CAC's claims against "et el." and "et. al." are DISMISSED WITH PREJUDICE for failure to state a claim to relief.

### II. AMENDMENT UNDER THE PLRA

The Court DENIES leave to amend the Consolidated Amended Complaint (ECF Nos. 14, 15 & 17). *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1).

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31,

9

37 (1st Cir. 2001) ("If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court has afforded Talley leave to amend his claims in this case. (*See* ECF Nos. 11 & 13.) It would be futile to give Talley another opportunity.

## III.     APPELLATE ISSUES

Under Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court must consider whether an appeal by Talley would be taken in good faith. *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999). Under Rule 24(a), if the district court permits a party to proceed *in forma pauperis*, that party may also proceed on appeal *in forma pauperis* without further authorization. There is an exception when the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*." Fed. R. App. P. 24(a)(3)(A). If the district court denies pauper status, the party may move to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)–(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether a party appeals in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* "It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on Defendants but has sufficient merit to support an appeal *in forma pauperis*." *DePriest v. Prestress Servs., Inc.*, No. 13-2768-JDT-cgc, 2014 WL 1269933, at *1 (W.D. Tenn. Mar. 27, 2014) (citing *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983)). For the same reasons the Court dismisses Talley's Consolidated Amended Complaint for failure to state a claim, the Court finds that an appeal would not be taken in good

faith.  The Court therefore CERTIFIES, under Federal Rule of Appellate Procedure 24(a), that any appeal by Talley would not be taken in good faith.  The Court DENIES leave to proceed on appeal *in forma pauperis*.  If Talley appeals, he must pay the full $505 appellate filing fee or move for leave to appeal *in forma pauperis* with a supporting affidavit in the Sixth Circuit.  *See* Fed. R. App. P. 24(a)(5).

### IV.   NOTICE OF STRIKE RECOMMENDATION

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).  For § 1915(g) analysis of Talley's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g).  *See Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021).

### V.   CONCLUSION

For the reasons explained above:

(1)   The Consolidated Amended Complaint (ECF Nos. 14, 15 & 17) is DISMISSED WITH PREJUDICE for failure to state a claim on which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1)-(2);

(2)   Leave to amend is DENIED;

(3)   The Motion To Add Defendants (ECF No. 20) is DENIED as moot;

(4)   The Court recommends that the dismissal of this case be treated as a strike pursuant to 28 U.S.C. § 1915(g).  *See Simons*, 2021 WL 1727619, at *1;

(5)   This case is DISMISSED in its entirety;

(6) The Court CERTIFIES that an appeal would not be taken in good faith; and

(7) The Court DENIES leave for Talley to proceed *in forma pauperis* on appeal.

IT IS SO ORDERED this 2d day of March, 2022.

                                                /s/ Samuel H. Mays, Jr.
                                          SAMUEL H. MAYS, JR.
                                          UNITED STATES DISTRICT JUDGE